IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Ezekial Burns, : Civil Action No.: _____
  Plaintiff,
  v.
Receivables Performance Management, L.L.C., : COMPLAINT
: JURY TRIAL DEMANDED
  Defendant.

For this Complaint, the Plaintiff, Ezekial Burns, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), North Carolina Fair Debt Collection Practices Act, and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Ezekial Burns ("Plaintiff"), is an adult individual residing in Charlotte, North Carolina, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Receivables Performance Management, L.L.C. ("Receivables"), is a Washington business entity with an address of 20816 44th Avenue, West Lynnwood, Washington 98036, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

6. A Debtor allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Receivables for collection, or Receivables was employed by the Creditor to collect the Debt.

9. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. Receivables Engages in Harassment and Abusive Tactics

10. Within the last year, Receivables contacted Plaintiff in an attempt to collect the Debt.

11. During the initial conversation and during each conversation thereafter, Plaintiff advised Receivables that he is not the Debtor and asked that it cease calling him.

12. Receivables acknowledged that it had the wrong telephone number and informed Plaintiff that it will cease calling him.

13. Thereafter, Receivables continued to contact Plaintiff at an excessive and harassing rate, sometimes calling Plaintiff as many as two (2) calls a day to Plaintiff's residential telephone in connection with the Debt, causing Plaintiff a great deal of frustration and aggravation.

C. Plaintiff Suffered Actual Damages

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, emotional distress, and frustration.

COUNT I
VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during times known to be inconvenient for the Plaintiff.

18. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused his home phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

19. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

20. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE NORTH CAROLINA FAIR DEBT COLLECTION PRACTICES ACT
## N.C. Gen.Stat. § 58-70, et seq.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Plaintiff is a "person" as the term is defined by N.C. Gen.Stat. § 58-70-6(4).

23. The Defendant is a "collection agency" as the term is defined by N.C. Gen.Stat. § 58-70-15, and is duly licensed collect debt in the state of North Carolina pursuant to N.C. Gen.Stat. § 58-70-1.

24. The Defendant caused a telephone to ring and engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the Plaintiff under the circumstances, in violation of N.C. Gen.Stat. § 58-70-100(3).

4

## COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

27. The Plaintiff suffered mental anguish and other damages in an amount to be proven at trial.

28. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus reasonable attorney's fees.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

31. North Carolina further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated North Carolina state law.

32. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls.

5

33. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

34. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

35. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;
4. Actual damages pursuant to N.C. Gen.Stat. § 58-70-130(a);
5. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen.Stat. § 58-70-130(b);
6. Attorney's fees pursuant to N.C.G.S. § 75-16.1;
7. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA and North Carolina state law violations in an amount to be determined at trial for the Plaintiff; and

8. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 14, 2011

Respectfully submitted,

By ___/s/ Stacie Watson, Esq._____

Stacie Watson, Esq. (Bar No.: 23890)
Law Office of Stacie Watson.
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile: (919) 439-5308
Email: swatsonattorney@bellsouth.net
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424